IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal No. 1:24- |
| DONALD MCWHIRTER, | : |
| Defendant. | : |

**STATEMENT OF OFFENSE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, DONALD MCWHIRTER, agree and stipulate to the facts presented. These facts are presented for the purpose of demonstrating there is a factual basis for MCWHIRTER's guilty plea pursuant to Federal Rule of Criminal Procedure 11, and do not represent all of the evidence that could have been presented at a trial. At all times relevant to this Statement of Offense:

*Background*

1. The Defendant, DONALD MCWHIRTER, owned and operated General Merchandise Supplies Unlimited LLC ("General Merchandise"), a company that distributed various office supplies to government agencies throughout the District of Columbia.

2. District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

3. General Merchandise was a certified small business enterprise; an approved vendor on the District of Columbia Supply Schedule ("DCSS"); and an approved vendor of the DCPS American Express Buy-Down Program ("AMEX Program"). As an approved vendor, General Merchandise was eligible to bid on contracts to provide various office supplies to DCPS. DCPS

could also use a District of Columbia government-issued credit card, commonly referred to as a "purchase card" to buy office supplies from General Merchandise.

4. The AMEX Program was a catalog ordering program established to streamline purchases of office, custodial, and educational supplies as well as technology and specialty goods by DCPS procurement officials from participating vendors.

5. Public Official 1 was an employee of DCPS who served as a contracting specialist in the DCPS's Office of the Chief Business Officer. Public Official 1 also approved purchase orders submitted by administrative officers of DCPS campuses, and administered the AMEX Program.

6. Public Official 2 was an administrative officer for Cardozo Education Campus ("Cardozo"), a unit of DCPS whose responsibilities included managing Cardozo's budget for supplies, including classroom supplies, technology supplies, and office and maintenance supplies. Public Official 2 also was responsible for selecting and awarding contracts to vendors to provide supplies to Cardozo, placing orders with those vendors for supplies, and confirming deliveries and approving vendor invoices for payment. Public Official 2 procured office supplies for Cardozo by issuing purchase orders to approved vendors and by utilizing a purchase card.

7. Public Official 3 was an employee of DCPS who served as a contracting specialist in the Office of the Chief Business Officer, first as a contractor then a full-time employee. Public Official 3's duties included assisting in the procurement of office supplies and other goods for DCPS.

*Overview of the Bribery Schemes*

8. Beginning at least as early as 2015 and continuing to at least 2022, Public Official 1, Public Official 2, and Public Official 3, engaged in bribery with MCWHIRTER. Specifically,

2

MCWHIRTER paid money to Public Official 1, Public Official 2, and Public Official 3, in exchange for all three Public Officials using their positions at DCPS to take official acts, violate their lawful duties for MCWHIRTER'S benefit, and commit fraud on the United States.

9. In exchange for the money, Public Official 1, and Public Official 2, aided and abetted by Public Official 3, among other official acts and violations of lawful duties:

   a. awarded DCPS business to General Merchandise; and

   b. facilitated entry of General Merchandise into the AMEX Program.

10. In exchange for the money, Public Official 1, and Public Official 2, also aided in the commission of fraud against DCPS, by arranging for DCPS to pay for supplies ordered from General Merchandise that General Merchandise did not deliver to DCPS.

11. As another part of the bribery scheme, in exchange for the bribes, Public Official 2 directed MCWHIRTER to fraudulently charge Public Official 2's government-issued purchase card for purchases of supplies that were never delivered.

12. In return for the official acts and violations of lawful duties taken by Public Official 1, Public Official 2, and Public Official 3, MCWHIRTER provided some or all of the fraudulently obtained DCPS funds, as well as additional payments, to all three Public Officials. The fraudulently obtained funds provided to and accepted by the Public Officials were bribes.

13. On or about June 13, 2019, MCWHIRTER made a $1,000 payment to Public Official 1 via Cash App. This $1,000 payment was a bribe made to Public Official 1 in exchange for Public Official 1 continuing to steer DCPS business to General Merchandise.

14. On September 25, 2019, MCWHIRTER emailed Public Official 1 regarding DCPS Invoice No. 22513. This communication was in furtherance of the bribery scheme.

*Total Loss*

15. In total, MCWHIRTER's bribery schemes with Public Official 1, Public Official 2 and Public Official 3 caused a loss to the government of the District of Columbia of at least $40,000.

16. The minimum amount of personal profit that MCWHIRTER received from the bribery schemes was approximately $50,000.

17. This Statement of Offense does not describe all the ways in which MCWHIRTER, Public Official 1, Public Official 2, and Public Official 3 committed bribery and fraudulently misdirected DCPS funds.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____
CHRISTOPHER R. HOWLAND
Assistant United States Attorney
Fraud, Public Corruption, & Civil Rights
U.S. Attorney's Office
601 D Street N.W.
Washington, D.C. 20530
(202) 252-7106 (Howland)
Christoher.Howland@usdoj.gov
D.C. Bar No. 1016866

**Defendant's Acceptance**

I have read this Statement of Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

6/4/2024
Date

DONALD MCWHIRTER
Defendant

**Defense Counsel's Acknowledgment**

I am Defendant DONALD MCWHIRTER'S attorney. I have reviewed every part of this Statement of Offense with him. It accurately and completely sets forth the Statement of Offense agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

6/4/2024
Date

A. SCOTT BOLDEN
RIZWAN A. QURESHI
Attorney for Defendant